Henry Gabathuler
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BLUE BOX TOYS, INC.<br><br>                    *Plaintiff*,<br>     v.<br><br>DAVID JOSEPH CATANZARO,<br><br>                    *Defendant*. | Civil Action No.<br><br>**JURY DEMAND**<br><br>*Filed via ECF* |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Blue Box Toys, Inc. ("Plaintiff" or "Blue Box") through its counsel, brings this Complaint against Defendant David Joseph Catanzaro ("Defendant" or "Catanzaro") for, *inter alia*, declaratory judgment under 28 U.S.C. §§ 2201 and 2202 as follows.

**NATURE OF THE ACTION**

1. This is a declaratory judgment action seeking a determination that Blue Box does not infringe any valid or enforceable claim of US Patent No. 7,653,959 (the "'959 Patent") under 35 U.S.C. §271.

2. This is a declaratory judgment action seeking a determination that the '959 Patent is invalid, in whole or in part.

3. This is a declaratory judgment action seeking a determination that the '959 Patent is unenforceable, in whole or in part.

4. On information and belief, Catanzaro is the inventor of the '959 Patent, which is entitled "Article Assembly" and issued on February 2, 2010. A true copy of the '959 Patent is attached as **Exhibit A**. On information and belief, Catanzaro claims rights under the '959 Patent and has threatened to assert such rights against Blue Box.

## THE PARTIES

5. Plaintiff Blue Box Toys, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business located at 220 South Orange Ave., Suite 106, Livingston, New Jersey 07039.

6. On information and belief, Defendant David Joseph Catanzaro is an individual residing in the state of Pennsylvania.

## JURISDICTION AND VENUE

7. This is a complaint for declaratory relief under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

8. Blue Box seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202.

9. This Court has subject matter jurisdiction over this action under 37 U.S.C. §§ 1331, 1338, 2201 and 2202.

10. This Court has personal jurisdiction over Catanzaro. Catanzaro has conducted business directed at the State of New Jersey by systematically and continuously availing itself of the privilege of doing business in New Jersey to exploit to the '959 Patent.

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

{10304/609157-000/01277870.1}

## CONTROVERSY BETWEEN THE PARTIES

12. On information and belief, Catanzaro is a non-practicing owner of the '959 Patent.

13. On at least January 21 and 27, 2015, Catanzaro sent correspondence to Blue Box requesting execution of a "Standstill Agreement" to allow Catanzaro and Blue Box to discuss allegations of infringement leveled by Catanzaro against Blue Box. Such Standstill Agreement purported to contemplate a thirty (30) day discussion period between the parties in which Blue Box would take no legal action against Catanzaro in exchange for detailed information regarding its alleged infringement.

14. On February 3, 2015, Counsel for Blue Box responded to Catanzaro indicating Blue Box's inability to sign the Standstill Agreement without a full identification of the allegedly infringed patent and information identifying the owner of any such allegedly infringed patent.

15. On February 23, 2015, Catanzaro sent correspondence to counsel for Blue Box with an attached draft Complaint specifically identifying the '959 Patent and alleging that Blue Box "has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '959 Patent." A copy of this correspondence is attached hereto as **Exhibit B** and a copy of the draft Complaint provided by Catanzaro is attached hereto as **Exhibit C**.

16. The draft Compliant provided by Catanzaro further identifies the source of Blue Box's alleged infringement as its "manufacturing, having manufactured, importing, using, offering for sale and/or selling products that embody and/or practice the patented invention, known as 'Jungle Friends Shape n' Sort' product line."

17. Blue Box has not and does not infringe, either directly or indirectly, any valid and enforceable claim of the '959 Patent, either literally or under the doctrine of equivalents, or by contributing to or inducing the infringement of others.

18. A search of the publically available file history for the '959 Patent reveals that Catanzaro filed a Terminal Disclaimer on August 27, 2001 to obviate a double patent rejection over U.S. Patent No. 6,026,532 (the "'532 Patent"). In the Terminal Disclaimer, Catanzaro agreed "that any patent so granted on the instant application shall be enforceable only for and during such period that it ant the prior patent are commonly owned." The instant application to which the Terminal Disclaimer applies issued as the '959 Patent on February 2, 2010. A copy of the Terminal Disclaimer is attached hereto as **Exhibit D**.

19. A search of the U.S. Patent and Trademark Office's assignment database reveals that Catanzaro assigned his entire interest in the '532 patent to Church & Dwight Co., Inc. by way of an assignment executed on February 28, 2011 and recorded June 9, 2011. As of February 28, 2011, the '959 Patent no longer maintained common ownership with the '532 Patent.

20. By virtue of the foregoing, a substantial controversy exists between the parties that is of sufficient immediacy and reality to warrant declaratory relief.

## COUNT I
(Declaratory Judgment of Non-Infringement)

21. Blue Box realleges and incorporates by reference herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

22. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

23. A judicial determination is necessary and appropriate so that Catanzaro may ascertain its rights in the '959 Patent.

24. Blue Box is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '959 Patent under 35 U.S.C. §271.

## COUNT II
(Declaratory Judgment of Invalidity)

25. Blue Box realleges and incorporates by reference herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

26. Blue Box contends that claims 1, 4, 5 and 8 of the '959 Patent are invalid for failing to comply with the conditions and requirements for patentability set forth by the patent laws of the United States, Title 35, including, but not limited to, §§ 102, 103 and/or 112, and the rules, regulations and laws pertaining thereto.

27. By way of example and without limiting the allegations of this Complaint, Blue Box contends that claims 1, 4, 5 and 8 of the '959 Patent are rendered at least anticipated and/or obvious, under 35 U.S.C. §§ 102 and 103, respectively, by U.S. Patent No. 2,539,035, U.S. Patent No. 3,105,612 and U.S. Patent No. 3,178,060.

28. Blue Box is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring claims 1, 4, 5 and 8 of the '959 Patent invalid under 35 U.S.C. §§ 102, 103 and/or 112.

## COUNT III
(Declaratory Judgment of Unenforceability)

29. Blue Box realleges and incorporates by reference herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

30. Blue Box contends that the '959 Patent is unenforceable by virtue of not being commonly owned with the '532 Patent over which it is terminally disclaimed.

31. Blue Box is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring the '959 Patent unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Blue Box prays for the following relief:

A. A declaration that Blue Box has not infringed, either directly or indirectly, any valid and enforceable claim of the '959 Patent;

B. A declaration that the '959 Patent invalid as either obvious or anticipated in view of the prior art;

C. A declaration that the '959 Patent is unenforceable;

D. An order declaring that Blue Box is a prevailing party and that this is an exceptional case, awarding Blue Box its costs, expenses, disbursements, and reasonable attorney's fees under 35 U.S.C. § 285, recent precedent promulgated by the United States Supreme Court in *Octane Fitness*, and all other statues, rules and common law;

E. That Catanzaro be ordered to pay all costs associated with this action; and

F. That Blue Box be granted such other and additional relief as the Court deems just and proper.

Dated: March 16, 2015                                            LEASON ELLIS LLP

By: _____
Henry Gabathuler
Attorneys for Plaintiff Blue Box, Inc.

{10304/609157-000/01277870.1}